STEVEN G. KALAR
Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:    (408) 291-7399
Email:          Severa_Keith@fd.org

Counsel for Defendant Mercado

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERJOE MERCADO,<br><br>　　　　　Defendant. | **Case No.:** CR 16–0019 LHK (NC)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO REOPEN DETENTION HEARING AND FOR RECONSIDERATION OF DETENTION ORDER**<br><br>**Court:**　　　　Courtroom 5, 4th Floor<br>**Hearing Date:**　January 15, 2021<br>**Hearing Time:**　1:00 p.m. |

TO DAVID ANDERSON, UNITED STATES ATTORNEY, and MAIA PEREZ, ASSISANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE THAT ON January 15, 2021, or as soon as thereafter as the matter may be heard, Defendant Serjoe Mercado, by and through counsel, will, and hereby does, move the Court pursuant to 18 U.S.C. § 3142(f)(2), and all other applicable statutes and case law, to enter an order reopening the detention hearing and to reconsider the detention orders issued on January 17, 2019 (ECF 74) and February 5, 2019. ECF 76.

1  This motion is based on the instant Notice of Motion, the Memorandum of Points and
2  Authorities, the files and records of this case, the argument made at the hearing on this motion, and
3  such further argument and memoranda as may later be presented.

5  DATED: January 11, 2021    Respectfully submitted,

6  STEVEN G. KALAR
   Federal Public Defender

8  */s/ Severa Keith*
   SEVERA KEITH
   Assistant Federal Public Defender

10  Attorneys for Defendant
    SERJOE MERCADO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On January 21, 2016, the Government filed a four count indictment charging Mr. Mercado with 18 U.S.C. § 641-Theft of Government Money, Property, or Records; 18 U.S.C. § 1708 - Theft or Receipt of Stolen Mail Matter; 18 U.S.C. § 2114(a) - Robbery of Mail, Money or Other Property of the United States; 18 U.S.C. § 111 - Assaulting, Resisting or Impeding Certain Officers or Employees. ECF 1.  On February 5, 2016, Mr. Mercado initially appeared before the Court on these charges.  ECF 2.  On September 21, 2016, the Court presided over a detention hearing, and after hearing argument, the Court ordered Mr. Mercado released.  ECF 18.  A number of bond hearings were subsequently held in this matter.  After a series of alleged pretrial violations, the Court issued an arrest warrant for Mr. Mercado on January 16, 2019.  ECF 71.

Mr. Mercado respectfully requests the Court[1] reopen the detention hearing under 18 U.S.C. § 3142(f)(2), and permit him to present additional information in support of his request for pretrial release.  In addition, he requests that the Court revoke the current detention order, and issue a new order releasing him on strict pretrial conditions, as described below.

If released, his mother will help him to get his Medicare and Medical insurance reinstated, so that he can be referred to a Santa Clara County Behavioral Health Clinic, where he will receive mental health treatment.

### II. THE COURT SHOULD RE-OPEN THE DETENTION HEARING BASED ON INFORMATION NOT AVAILABLE AT THE TIME OF THE DETENTION HEARING

A defendant may move to reopen a detention hearing if the Court "[1] finds that information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B); *United States v. Espinoza*, 2009 WL 3614849 (E.D. Cal., Oct. 27, 2009).  When bringing such a motion, the party must demonstrate some legitimate reason for not presenting the evidence initially.  *United States v. Flores*, 856 F. Supp. 1400, 1405 (E.D. Cal. 1994).  New

---

[1] In the interest of clarity, Mr. Mercado makes this motion with the intent of reopening the detention hearing before the magistrate court, as opposed to having a new detention hearing before the district court.  *See* 18 U.S.C. § 3142(f)(2)(B); N.D. Cal. L.R. 46-1.

information obtained through the exercise of due diligence qualifies. *United States v. Bills*, 2019 WL 1901643 (M.D. Tenn., April 29, 2019). Moreover, new information exists under this rule if, for example, the defendant presents additional sureties not originally presented at the detention hearing. *United States v. Ward*, 63 F. Supp. 2d 1203, 1207 (C.D. Cal. 1999). Evidence under the rule is material "if there is a reasonable probability that . . . the result of the proceeding would have been different" had that information been originally presented. *Bills*, 2019 WL 1901643, at *4 (internal citation omitted). Here, Mr. Mercado seeks to reopen the detention hearing on the basis of his much-improved mental health as it is new material information that is relevant to his release.

When Mr. Mercado was detained in 2019, he was experiencing a decline in his mental health that was causing him to behave erratically. He missed appointments for drug tests and mental health evaluations, he had police contacts, and his pretrial officer was concerned about his mental health and its effect on his ability to comply with conditions of release. *See* Ex. A, Audio of November 28, 2018 bond hearing. Because he continued to violate conditions and behave erratically, he was arrested pursuant to a federal warrant on January 16, 2019, ECF 71, and he was ordered detained on January 17, 2019. ECF 71.

Shortly after his arrest, Mr. Mercado was committed to the BOP and ultimately restored to competency. The process was lengthy. After spending some months at MDC, Los Angeles, for evaluation, he was admitted at Butner FMC, on December 11, 2019, for restoration. The report regarding restoration of competency was complete on August 10, 2020, and the Court requested his return to the district on August 24, 2020. Although he left Butner FMC shortly thereafter, the transit process lasted months, including Mr. Mercado being housed at the Nevada Southern Detention Center for several weeks, requiring him to call in to his status conference on November 11, 2020. ECF 111. Mr. Mercado appeared in-person for his Status Conference Re Competency on November 30, 2020. At that hearing, the Court found him competent to proceed. ECF 113. Since that time Mr. Mercado has been housed at Santa Rita Jail, where he remains healthy and medication compliant.

Mr. Mercado should be released from custody, as circumstances have significantly changed since he was detained in January of 2019. At this point, Mr. Mercado has regained his competency and he has been mentally stable for over five months. This is particularly significant, as he has

maintained his health under relatively difficult conditions, enduring a geographically and temporally lengthy trip, where he was housed at various facilities. He has maintained his health by being compliant with his medication. He is willing to comply with all conditions placed on him by this Court, and he has the ability to do so because he is thinking rationally and understands that the consequences of violations are severe.

Additionally, undersigned counsel has been in contact with Mr. Mercado's Santa Clara County Public Defender, who has confirmed that Mr. Mercado's previously-issued bench warrant has been recalled, *see* Ex. B, Santa Clara County Order Recalling Bench Warrant, issued on or about January 31, 2020, and placing Mr. Mercado on Release/OR status. Undersigned counsel has communicated with Mr. Mercado's state court public defender, who stated that Mr. Mercado could be evaluated to participate in Judge Manley's court as a part of the resolution of his pending state charges.[2]

Moreover, his mother is willing to be Mr. Mercado's custodian. His mother was a responsible custodian and fulfilled all her duties to the Court previously, including being in regular contact with the Pretrial Services Officer, and reporting when Mr. Mercado was in violation of his conditions, such as not taking his medication. Additionally, she encouraged Mr. Mercado to comply with the conditions of his release, by establishing a curfew for him, and she sought the assistance of Pretrial when Mr. Mercado did not follow her rules. The Pretrial Services Officer praised her efforts and communication. *See* Ex. C, ECF 69, Audio of January 2, 2019 bond hearing.

The difference between then and now is that Mr. Mercado's mental health was rapidly declining in late 2018. He suffers from a serious mental illness that can cause extremely erratic conduct. He was not consistently taking his medication, and he may have not have had good medication management. Today, he is on a regimen of medication that has kept him healthy for months. As such, the Court can be reasonably assured that Mr. Mercado will appear in Court and that any risk to the community will be reasonably mitigated, if Mr. Mercado is released to the custody of his mother, with other strict conditions imposed by the Court, such as location monitoring, mental health treatment, attending school or engagement in other pro-social activities, and a curfew.

---

[2] Mr. Mercado's state charges are felony resisting an officer, misdemeanor battery, and misdemeanor possession of a dirk or dagger.

DEF. MTN. TO REOPEN DET. HRG.
*MERCADO*, CR 16–0019 LHK (NC)

Based on these changed circumstances, the Court should reopen Mr. Mercado's detention hearing and release him on a bond, with conditions, including that his mother be his custodian.

### III.  CONDITIONS OF RELEASE EXIST THAT REASONABLY ASSURE MERCADO' APPEARANCE AND SAFETY OF THE COMMUNITY

Mr. Mercado respectfully contends that, in light of the new information described above, this Court can fashion pretrial release conditions that would reasonably assure his appearance and the safety of the community. Mr. Mercado has always lived in San Jose, California, where he still has family and close ties. He resides with his mother and grandmother.

The Government must establish that Mr. Mercado poses more than an *ordinary* flight risk; it must establish he poses a *serious* flight risk. 18 U.S.C. § 3142(f)(2). The Government cannot meet that burden here, based on Mr. Mercado's personal circumstances, combined with the additional information he presents here, and the restrictive conditions he proposes.

In sum, Mr. Mercado is not a serious flight risk nor a danger to the community, and the Court can fashion conditions that would reasonably assure his appearance and the safety of the community. Such conditions would include his mother signing a bond and serving as his custodian, obtaining mental health treatment, engaging in work, school, volunteering, or other activities, location monitoring, a curfew, and reporting regularly to Pretrial Services. Mr. Mercado is willing to comply with all requirements imposed by the Court. The requested conditions are strict by any measure. As such, conditions would reasonably assure Mr. Mercado's future appearance and community safety. Additionally, the ongoing pandemic, overcrowding, and the substandard health and sanitation conditions at Santa Rita Jail should also be considered by the Court.

### CONCLUSION

For the foregoing reasons, Mr. Mercado respectfully requests the Court reopen the detention hearing, so that he may present additional evidence in support of release, and issue a new order permitting pretrial release.

| | | |
|---|---|---|
| Dated: | January 11, 2021 | Respectfully submitted,<br><br>STEVEN G. KALAR<br>Federal Public Defender<br>Northern District of California<br><br>*/s/ Severa Keith*<br>SEVERA KEITH<br>Assistant Federal Public Defender |