STEVEN G. KALAR
Federal Public Defender
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA  95113
Telephone:  (408) 291-7753
Facsimile:  (408) 291-7399
E-mail:  Severa_Keith@fd.org

Counsel for Defendant MERCADO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16–0019 EJD (NC) |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR RECONSIDERATION OF DETENTION ORDER** |
| SERJOE MERCADO, | |
| Defendant. | |
| | **Court:**       Courtroom 5, 4th  Floor |
| | **Hearing Date:**  January 29, 2021 |
| | **Hearing Time:**  1:00 p.m. |

## INTRODUCTION

Many Courts have held that 18 U.S.C. §3142 provides procedural guidance to the procedures of 18 USC § 3148, noting the similarity of the statutes and their same general purposes.  As set forth below, this court should reopen Defendant Mercado's detention hearing, because due process entitles him to be heard by the Court regarding circumstances that affect the

1   Court's decision regarding detention and release.

2                                    **ARGUMENT**

3          The Second Circuit has held that the similarities between §3142 and §3148 indicate that

4   both statutes should provide the same due process protections to defendants.

5

6                  . . . Congress may not have intended the hearings required under § 3148
           and § 3142 to be identical. Nonetheless, we discern basic similarities in the
7          defendant's interests in both the § 3148 and the § 3142 contexts that argue in favor
           of similar procedural protections in both settings. Whether an individual is
8          detained without bail pursuant to § 3142 or § 3148, the result is the same.
           Congress recognized that, given the individual's strong interest in liberty, pretrial
9          detention may be constitutionally defective if the statute fails to provide adequate
           procedural safeguards. *See* S. Rep. No. 225, 98th Cong., 2d Sess. 8, *reprinted*
10         *in* 1984 U.S. Code Cong. & Admin. News 3182, 3191. . . .

11                 In view of the defendant's similar interests in both the § 3142 and § 3148
12         contexts and Congress's concern with procedural safeguards, we conclude that it
           is appropriate to look to the requirements of § 3142 for guidance as to the nature
13         of the hearing under § 3148.

14                 Moreover, though Congress did not specify the nature of the hearing to be
15         held under § 3148, the legislative history of § 3148 makes it clear that Congress
           did intend to give defendants an opportunity to testify and to present evidence on
16         their own behalf. The report of the Senate Committee on the Judiciary stated:
           "There may be cases in which a defendant may be able to demonstrate that,
17         although there is probable cause to believe that he has committed a serious crime
           while on release, the nature or circumstances of the crime are such that revocation
18         of release is not appropriate. Thus, while the Committee is of the view that
           commission of a felony during the period of release generally should result in the
19         revocation of the person's release, it concluded that *the defendant should not be*
           *foreclosed  from the opportunity to present to the court evidence indicating that*
20         *this sanction is not merited.*"
           S. Rep. No. 225 at 35-36, *reprinted in* 1984 U.S. Code Cong. & Admin. News at
21         3218-19 (emphasis added). Indeed, in providing that a rebuttable presumption
22         arises upon a finding of probable cause, § 3148 assumes that the defendant will be
           given an opportunity to present evidence against that presumption. In light of the
23         procedural protections required by § 3142(f) and on the basis of the legislative
           history of § 3148, we conclude that appellants are entitled to a further hearing,
24         including a further opportunity to testify on their own behalf and to present
25         evidence to demonstrate that revocation of bail is not merited.

26  *United States v. Davis*, 845 F.2d 412, 414-15 (2d Cir. 1988).

27

28

1    Other circuits and districts have followed *U.S v. Davis,* holding that defendants are

2  generally entitled to the procedures set forth in §3142. *See United States v. Guebara*, 15 F. App'x

3  584 (10th Cir. 2001); *United States v. Cook*, 880 F.2d 1158 (10th Cir. 1989); *United States v.*

4  *Cook*, 880 F.2d 1158 (10th Cir. 1989); *United States v. Trudgen*, 627 F. App'x 156 (3d Cir.

5  2015); *United States v. Hardy*, No. 15-60136-CR, 2016 U.S. Dist. LEXIS 115826 (S.D. Fla.

6  Aug. 23, 2016).

7    Both Courts decisions and legislative history indicate that the procedural and due process

8  considerations required by 18 U.S.C. §3148 are virtually identical to those of 18 U.S.C §3142.

9  As such, the process of moving to reopen a post - §3148 detention order is not procedurally

10  barred.  *See United States v. Pettway*, No. 12-CR-103S (1), 2017 U.S. Dist. LEXIS 127214

11  (W.D.N.Y. Aug. 9, 2017) (denying motion for failure to plead a "detectable change in

12  circumstances").

13    The government argues that relief under 18 U.S.C. §3142 is unavailable to a defendant

14  whose release is revoked pursuant to §3148, citing cases that neither cite relevant authority nor

15  the legislative history.  However, §3148 itself refers to §3142(g) for detention procedures, and

16  integrates the procedures of §3142 for release purposes.  Under these circumstances, Mr.

17  Mercado should be able to reopen the detention hearing under 18 U.S.C. § 3142 and the

18  procedural and due process standards discussed above.

19                                      **<u>CONCLUSION</u>**

20    For the foregoing reasons, the Court should reopen the detention hearing to allow for the

21  presentation of previously unknown information, unknown at the time of the detention hearing,

22  that are pertinent to Mr. Mercado's release.

23

24  Date:  January 22, 2021                              Respectfully submitted,

25                                                        STEVEN G. KALAR
                                                          Federal Public Defender
26

27                                                        */S/ Severa Keith*
                                                          SEVERA KEITH
28                                                        Assistant Federal Public Defender